UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARISA A. SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19CV211 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES IN A CIVIL CASE

Defendant, United States of America ("United States"), by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Deborah M. Leonard, Assistant United States Attorney, and Lauren Waxler, Assistant United States Attorney, for said District, answers Plaintiff's Complaint for Damages in a Civil Case as follows:

### PARTIES

1. Carisa A. Snyder is a citizen of Fort Wayne, Indiana.

**ANSWER:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 1 and therefore denies the same.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans

Affairs ("VA"), its subdivision, the Veterans Health Administration (VHA"), and the employees of those agencies.

**ANSWER:** Admit.

3. At all times relevant herein, the Defendant employed a podiatrist Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana, and Marion, Indiana.

**ANSWER:** Admit.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

**ANSWER:** Admit.

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, the Court has jurisdiction under 28 U.S.C. §1346.

**ANSWER:** Admit.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

**ANSWER:** Deny.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. § 2671.

2

**ANSWER:** Admit.

8. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**ANSWER:** Paragraph 8 states a legal conclusion to which no answer is required; to the extent an answer is required, the United States denies the allegations in paragraph 8.

9. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana, Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

**ANSWER:** The United States admits that venue is proper in this judicial district, but denies that the events or omissions giving rise to this action occurred.

10. Plaintiff has exhausted her administrative remedies pursuant to 28 U.S.C. § 2675(a).

**ANSWER:** Admit.

11. Pursuant to 28 U.S.C. § 2675(a), Plaintiff submitted Standard Form 95 ("SF95") to the Veterans Administration, which was received on June 11, 2018, detailing her claim against the Defendant (see Exhibit 1 attached hereto).

**ANSWER:** Admit.

12. On November 28, 2018, the VA sent Plaintiff a letter indicating that her claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)" (see Exhibit 2 attached hereto).

**ANSWER:** Admit.

13. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, a notice of final denial of the claim by the agency to which it was presented."

**ANSWER:** Admit.

14. Plaintiff first learned that the care provided to her by Dr. Hammersley was not indicated, and that injury was sustained as a result when she met with VA administrators on March 16, 2018.

**ANSWER:** Deny.

15. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were not indicated, and that injury was sustained as a result until she met with the VA administrators on March 16, 2018.

**ANSWER:** Deny.

16. There is a class-action lawsuit (*Colombini et al., v. United States*) pending before this court (Motion to Dismiss also pending) to determine whether plaintiffs similarly situated with Snyder can move forward with their malpractice claims under the primary theory of fraudulent concealment.

**ANSWER:** Deny.

17. Snyder currently is a plaintiff in the aforementioned class-action suit.

**ANSWER:** Deny.

18. Since Plaintiff is a member of the aforementioned class-action suit, Plaintiff respectfully requests that this action be continued until the superseding action has been resolved, and/or in line with any discovery agreements approved by this Court.

**ANSWER:** Paragraph 18 is a request for relief to which no response is required, and to the extent a response is required the United States asserts that there is no pending class action suit to resolve.

19. Notwithstanding the aforementioned class-action lawsuit (the allegations of which are incorporated herein by reference) and both in conjunction with but also in alternative to the matters raised therein, Snyder further asserts that her claim did not accrue until March 16, 2018, as the date wherein both her injuries and their cause were reasonably known and discovered by her.

**ANSWER**: Paragraph 19 states a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in paragraph 19, and specifically denies that it was negligent or caused Plaintiff injuries.

20. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

**ANSWER:** Admit.

## STATEMENT OF FACTS

21. In August 2014, Snyder was seen by Dr. Hammersley of the VA Medical Center for pain in her right foot.

**ANSWER**: Admit.

22. X-rays previously performed on June 13, 2014, showed no sign of fracture.

**ANSWER**: The United States admits that the radiology reports from Plaintiff's June 13, 2014 x-rays states that there is no sign of fracture, but denies the remaining allegations.

23. On August 23, 2014, Dr. Hammersley interpreted the June 13, 2014, x-rays as evidence of fracture of tibial sesamoid of right foot. Dr. Hammersley then placed Plaintiff into a pneumatic boot.

**ANSWER:** The United States admits that on August 23, 2014, Dr. Hammersley noted that "xrays show evidence of fracture of tibial sesamoid right foot," and that Dr. Hammersley placed Plaintiff into a pneumatic boot, but denies the remaining allegations.

24. After a follow-up visit on October 3, 2014, Dr. Hammersley inexplicably created and signed two charge notes, identical except that one says right foot is "healing" and one says "not healing."

**ANSWER**: The United States admits that on October 3, 2014, Dr. Hammersley created and signed two progress notes and that one says right foot is "healing" and one says "not healing," but denies the remaining allegations.

25. Thereafter, Plaintiff was consented for a procedure of ostectomy of the right foot on December 5, 2014, based upon Dr. Hammersley's diagnosis of a fracture which was not healing.

**ANSWER:** The United States admits that Plaintiff was consented for a procedure of ostectomy of the right foot on December 5, 2014, and that the reason for treatment was indicated to be "prominent or infected bone of foot," but denies the remaining allegations.

26. On January 16, 2015, Plaintiff had surgery for removal of tibial sesamoid right foot, with repair of short flexor tendon right foot.

**ANSWER**: Admit.

27. By the Defendant's own admission, the diagnosis made by Dr. Hammersley was not supported. On comparison of the x-rays from June 13, 2014, and October 3, 2014, there is no change in the tibial sesamoid. There was

no indication that the surgery was warranted. As such, the "consent" obtained from Snyder was not informed and not valid.

**ANSWER:** Deny.

28. Based upon the incorrect diagnosis and an ill informed consent, Dr. Hammersley performed major surgery on Snyder on January 16, 2015, for what turned out to be normal and/or incomplete radiologic findings. That surgery included removal of the tibial sesamoid right foot when no tests indicated the tibial sesamoid was injured. The surgery to repair the short flexor tendon right foot was also not indicated. Finally, during the surgery Dr. Hammersley accidentally cut the medial tendon arm of the flexor hallucis brevis, which he indicates he fixed during the procedure. Plaintiff was unaware of this occurring until the disclosure on March 16, 2018.

**ANSWER:** The United States admits that Dr. Hammersley performed surgery on Snyder on January 16, 2015, that included removal of the tibial sesamoid right foot, and that the medial tendon arm of the flexor hulluces brevis was interrupted, damaged, and repaired during this procedure. The United States lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she was unaware of the events set forth in Paragraph 28 until the disclosure on March 16, 2018, and therefore denies the same. The United States denies all remaining allegations.

29. Plaintiff has undergone additional surgery for pain since this occurrence.

**ANSWER**: The United States admits that Plaintiff underwent additional foot surgery on July 19, 2017, for painful hardware, and on November 23, 2016 for hallux valgus and arthritis, right, first metarsophalangeal joint, but is without information sufficient to form a belief about whether Plaintiff underwent additional surgeries and their cause, and therefore denies the same

## CAUSES OF ACTION
## COUNT I -NEGLIGENCE

30. The Plaintiff re-alleges and reincorporates each and every allegation above as if fully set forth herein.

**ANSWER:** The United States restates its answer to each and every allegation above.

31. The Defendant had a duty to provide health care to Snyder using the degree of care and skill that a reasonably careful, skillful, and prudent health care provider would use under the same or similar circumstances.

**ANSWER**: Paragraph 31 states a legal conclusion to which no answer is required. To the extent an answer is required, the United States admits that the standard of care owed by a physician to a patient is that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent

9

practitioners in the same class to which the physician belongs, acting under the same or similar circumstances.

32. According to the Institutional Disclosure of Adverse Event ("Disclosure") from the VA dated March 20, 2018, (reflecting the notes of the meeting of March 16, 2018) Dr. Hammersley committed malpractice by failing to properly diagnose and treat Snyder, by performing surgery that was in no way indicated, and by also negligently performing surgery.

**ANSWER**: The United States admits that the March 20, 2018, Disclosure alleges that Dr. Hammersley made an inaccurate diagnosis and performed a procedure that was not indicated and that Plaintiff had an injury related to surgery, but denies the remaining allegations of Paragraph 32, and specifically denies that the Disclosure Statement stated that Dr. Hammersley "committed malpractice." The United States further denies in fact that Dr. Hammersley committed malpractice.

33. Care via the VA Medical Center, specifically including but not limited to care provided by Dr. Hammersley, fell below the required standard of care and was negligent (constituting malpractice as defined by Indiana Code §34-18-1-1 et seq) Said negligence included but is not limited to:

    A. Misdiagnosis, inaccurate diagnosis, and/or negligent misrepresentation of Snyder's underlying medical condition;

    **ANSWER:** Deny.

B. Misinterpretation of prior x-rays and/or lack of inappropriate diagnostic testing;

**ANSWER:** Deny.

C. Failure to exhaust conservative care;

**ANSWER:** Deny.

D. Patient injury during surgery; and

**ANSWER:** The United States admits that the medial tendon arm of the flexor hallucis brevis was interrupted, damaged, and repaired during Plaintiff's January 16, 2015 surgery, but denies the remaining allegations.

E. There was no fracture of the tibial sesamoid right foot. The surgery was completely unnecessary.

**ANSWER:** Deny.

34. Defendant breached its duty of care to Snyder by failing to exercise that reasonable care required, thereby committing medical negligence.

**ANSWER**: Deny.

35. On March 16, 2018, Snyder was notified by VA administrators that she was the victim of malpractice at the hands of Dr. Hammersley and that Snyder had the right to file a claim against the VA.

**ANSWER**: The United States admits that on March 16, 2018, Ms. Snyder was told she had a right to file claim against the VA, but denies the remaining

11

allegations in paragraph 35, and specifically denies that she was notified that she was the victim of malpractice.

36. In the March 20, 2018, written Disclosure, the VA admitted that Dr. Hammersley committed malpractice in connection with his care and treatment of Snyder, including performing unnecessary surgery on her.

**ANSWER**: Deny.

37. As a direct and proximate result of the negligence of Defendant, Snyder underwent an unnecessary surgery which has further produced permanent ongoing pain and resulted in additional care, as well as all limitations associated therewith.

**ANSWER**: Deny.

38. As a direct and proximate result of the negligence of Defendant, Snyder has further experienced a loss in quality and enjoyment of life.

**ANSWER**: Deny.

39. The negligence of Defendant was a responsible cause in producing injury, damages, and losses including, but not limited to, all applicable elements/categories of damages as set forth in Indiana Model Civil Jury Instructions 703.

**ANSWER**: Paragraph 39 is a request for relief for which no response is required but, to the extent a response is required, the United States denies that Plaintiff is entitled to any damages.

40. In support of Snyder' jurisdictional assertion that her claim did not accrue until March 16, 2018, it was not until that day that Snyder discovered or had reason to know that the symptoms she experienced following the January 26, 2015, surgery were the result of harm inflicted from that surgery, rather than from the underlying conditions which she had been falsely and negligently induced to believe she had.

**ANSWER**: Deny.

## COUNT II - LACK OF INFORMED CONSENT

41. The Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

**ANSWER:** The United States restates its answer to each and every allegation above.

42. Consent obtained by the Defendant from Snyder for the January 16, 2015, surgery was obtained negligently and, as such, was not an "informed" consent in as much as Snyder's consent to the surgical procedure was based upon the negligently false and incorrect diagnosis made by Dr. Hammersley.

**ANSWER**: Deny.

43. Because the surgery lacked such informed consent, Snyder was subjected to a procedure which, in retrospect, was completely unauthorized and resulted essentially in a negligently-induced unwanted touching.

**ANSWER**: Deny.

44. From Snyder's perspective, this is akin to receiving a "medical battery" under Indiana law, though it is not alleged herein that the Defendant's conduct was an intentional act, being instead born of negligence.

**ANSWER**: Deny.

45. As a result of the procedure which was performed without the necessary informed consent, Snyder directly and proximately received injuries including:

A. Surgical removal of a bone which was not injured;

**ANSWER:** Deny.

B. Surgical repair of ligament(s) which was not injured;

**ANSWER:** Deny.

C. Multiple components of the surgical procedure which caused damage or "repaired damage" which was not there, inflicting physical harm; and

**ANSWER:** The United States admits that the medial tendon arm of the flexor hallucis brevis was interrupted, damaged, and repaired during surgery, but denies that it resulted in any persistent or permanent injury, and denies the remaining allegations.

D. Negligent infliction of emotional distress.

**ANSWER:** Deny.

46. Because Snyder had no reason to know that the surgery had been performed based upon a misrepresentation/misdiagnosis of her condition, she had no reason to know that the consent she had been asked to give previously was invalid and uninformed. As such, Snyder did not know that she had a specific injury resulting from the failed informed consent until the date of the disclosure meeting on March 16, 2018.

**ANSWER:** Deny.

47. Based upon the foregoing paragraphs, Snyder's claim for damages resulting from the surgery performed without consent did not accrue until the date of the disclosure meeting on March 16, 2018, at the earliest.

**ANSWER**: Paragraph 47 states a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in paragraph 47, and specifically denies that Phillips is entitled to any damages.

## GENERAL DENIAL

The United States denies each and every allegation requiring an answer not heretofore admitted or denied.

## AFFIRMATIVE DEFENSES

1. The Indiana doctrine of contributory negligence applies to eliminate any recovery against the United States.

WHEREFORE, having fully answered Plaintiff's complaint, the United States respectfully prays that Plaintiff take nothing by her complaint and for such further relief as is just and proper.

                        Respectfully submitted,

                        THOMAS L. KIRSCH II
                        UNITED STATES ATTORNEY

By:    */s/ Deborah M. Leonard*
       Deborah M. Leonard
       Assistant United States Attorney
       Northern District of Indiana
       1300 South Harrison Street, Room 3128
       Fort Wayne, IN 46802-3489
       Telephone: (260) 422-2595
       Fax: (260) 426-1616
       Email: deborah.leonard@usdoj.gov

By:    */s/ Lauren Waxler*
       Lauren Waxler
       Assistant United States Attorney
       Northern District of Indiana
       5400 Federal Plaza, Suite 1500
       Hammond, IN 46320
       Telephone: (219) 937-5500
       Fax: (219) 852-2770
       Email: lauren.waxler@usdoj.gov